## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MGM AUTOMOTIVE GROUP, LLC and<br>SHIRLEY A. SCHICKLINE, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No. 13-9 |
| GENUINE PARTS COMPANY, | ) ) | Judge Nora Barry Fischer |
| Defendant. | ) ) | |

### MEMORANDUM ORDER

Presently before the Court are Defendant Genuine Parts Company's Motion to Dismiss and Brief in Support (Docket Nos. 5, 6), Plaintiffs MGM Automotive Group, LLC and Shirley A. Schickline's Response in opposition thereto, (Docket No. 15), Defendant's Reply (Docket No. 19) and Plaintiffs' Sur-Reply (Docket No. 22). After careful consideration of the parties' submissions, the well-pled allegations in Plaintiffs' Complaint (Docket No. 1-2), taken as true and viewed in the light most favorable to Plaintiffs, *see Ashcroft v. Iqbal*, 556 U.S. 662, 1949-50, 173 L.Ed.2d 868 (2009), and the Loan Agreement between MGM Automotive Group, LLC and SunTrust Bank dated June 18, 2010, (Docket No. 5-1), which is appropriately considered in deciding the instant Rule 12(b)(6) motion as it is "integral to or explicitly relied upon" by Plaintiffs in their Complaint, *see In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999),[1] and for the following reasons, Defendant's Motion [5] is granted.

---

[1] The Court notes that Plaintiffs have attached a number of documents to their Response and Sur-Reply Brief, including the following: IRS Schedule C Form 1040; Investment Worksheet; Operating Expense Worksheet; Pro Forma Statement of Cash Flows; Financing Application; and an Agreement. (Docket Nos. 15-1; 22-1; 22-2). These documents may not be considered by the Court because they are not attached to the Complaint and are otherwise not the type of documents which may be considered when deciding a motion to dismiss under Rule 12(b)(6). *See In re Rockefeller*, 184 F. 3d at 287. In addition, as is discussed below, these documents support factual averments that Plaintiffs have advanced for the first time in their Response and Sur-Reply Brief, which also

First, Defendant's motion to dismiss Count II of Plaintiffs' Complaint for alleged intentional interference with prospective business relations is granted because Plaintiff has failed to allege sufficient facts to support a plausible claim for relief under this theory.  *See Square D. Co. v. Scott Elec. Co.*, Civ. A. No. 06-459, 2008 WL 2096890, at *4 (W.D. Pa. May 16, 2008) (noting the essential elements of (1) existence of a prospective contract; (2) purposeful action specifically intended to harm the existing relationship or to prevent the relationship from occurring; (3) the absence of privilege or justification; and (4) actual damages). Primarily, Plaintiffs have failed to plead that Defendant interfered with any specific prospective contracts between Plaintiffs and third parties.  *Id.*  This Court has previously recognized that a claim for interference with prospective contracts under Pennsylvania law is subject to dismissal under the relevant pleading standard if a party fails to identify a <u>specific prospective contract with a third party</u> to which the Defendant has allegedly interfered.  *See Id.*  (holding that a party's "vague references to a purported contractual relationship, failing to even provide a name with whom the alleged relationship exists" would not suffice).

Having construed all of the factual allegations in Plaintiffs' favor, the Court finds that Plaintiffs have not identified any such specific prospective contract with any third parties in their Complaint.  (*See* Docket No. 1-2).  Plaintiffs suggest in their Response and Sur-Reply Brief that they have pled such a prospective contract in ¶ 116 of their Complaint, which they argue sets forth a "proposed modification" of the Loan Agreement.   (Docket Nos. 15 at 7-8; 22 at 4-5). However, ¶ 116 provides that "Shirley, MGM and Sun Trust ***entered into an agreement*** whereby Shirley and MGM were permitted to correct the alleged loan to inventory value ratio over time." (Docket No. 1-2 at ¶ 116 (emphasis added)).  Given same, Plaintiffs have clearly

---

may not be considered at this stage of the proceedings.  *See Dongelewicz v. PNC Bank Nat'l. Ass'n.*, 104 F. App'x 811, 819 n.4 (3d Cir. 2004) (citing *Williams v. New Castle County*, 970 F.2d 1260, 1266 n.4 (3d Cir. 1992)).

pled at ¶ 116 that they entered into a loan modification agreement with Sun Trust, establishing an "existing contractual relationship" rather than a "prospective contractual relationship," which would support their claim at Count II.[2]   (*Id.*).   Defendant has not moved to dismiss Plaintiffs' claim at Count I wherein they allege that Defendant interfered with an "existing contractual relationship," and the facts set forth in ¶ 116 support this claim.  (*See* Docket No. 5, 6).  Indeed, ¶ 116 is located within the section of Plaintiffs' Complaint which states the factual and legal basis for Count I.  (*See* Docket No. 1-2 at ¶¶ 111-120).  Accordingly, as Plaintiffs have failed to sufficiently plead an essential element of their claim at Count II, it must be dismissed.

Second, Defendant's motion to dismiss Count III of Plaintiffs' Complaint alleging a breach of fiduciary duty is likewise granted as Plaintiffs have failed to sufficiently allege facts which would support a plausible claim for relief.  To establish a breach of fiduciary duty claim under Pennsylvania law, a plaintiff must plead, "(1) the existence of a confidential relationship; (2) the defendant's failure to act in good faith and solely for the benefit of the plaintiff with respect to matters within the scope of the confidential or fiduciary relationship; and (3) an injury to the plaintiff proximately caused by the defendant's failure to act."  *SieMatic Mobelwerke GmbH & Co. KG v. SieMatic Corp.*, No. 06-CV-5165, 2009 WL 2526436, at *4 (E.D. Pa. Aug. 12, 2009).  Here, Plaintiffs have not alleged sufficient facts which would support a finding that a

---

[2]      The Court notes that to the extent Plaintiffs are attempting to argue that Defendant interfered with the modification agreement when it remained a proposal rather than a completed agreement between Plaintiffs and Sun Trust; such a contention is fully undermined by the other facts set forth in ¶¶ 94 and 95 of Plaintiffs' Complaint. Those paragraphs provide that:

> 94.      After negotiations, MGM entered into an agreement with Sun Trust Bank whereby MGM over time would bring their loan to inventory value into compliance.
> 95.      After being made aware of the MGM-Sun Trust Agreement, Stanfield as authorized representative of Genuine Parts made the unilateral determination to require MGM to pay for all auto parts orders from all of the Genuine Parts Distribution Centers with cash on delivery (COD).

(Docket No. 1-2 at ¶¶ 94, 95).  Based on these allegations, Plaintiffs have admitted that Defendant did not take any action during the proposal phase and did not engage in the alleged interfering activities, including requiring MGM to purchase all parts from Defendant COD, until *after* the modification agreement was consummated.

fiduciary or confidential relationship existed.  *See id.*  To this end, Plaintiffs acknowledge in their Response the general rule that an "accountant-client relationship is generally not a fiduciary relationship," but they assert that a fiduciary relationship has been created in this case because Plaintiff Schickline was unsophisticated and a "complete novice" in business who was "justified in placing confidence and trust in Genuine Parts accounting and financial work."  (Docket No. 15 at 7).  However, there are no facts concerning Schickline's business background, acumen or lack thereof pled in their Complaint supporting these assertions in the Response brief, (*see* Docket No. 1-2), and without pleading such facts in their Complaint, Plaintiffs' breach of fiduciary duty claim necessarily fails. *See SieMatic*, 2009 WL 2526436, at *4; *see also eToll, Inc. v. Elias/Savion Advertising, Inc.*, 811 A.2d 10, 22 (Pa. Super. Ct. 2002) (a confidential relationship "generally involves a situation where by virtue of the respective strength and weakness of the parties, one has the power to take advantage of or exercise undue influence over the other.").  In fact, it is well settled that plaintiffs may not amend their Complaint through assertions contained in papers opposing a motions to dismiss and that the Court may not consider such facts in its analysis of such a motion.  *See Dongelewicz v. PNC Bank Nat'l. Ass'n.*, 104 F. App'x 811, 819 n.4 (3d Cir. 2004) (citing *Williams v. New Castle County*, 970 F.2d 1260, 1266 n.4 (3d Cir. 1992)).  Further, to the extent that Plaintiffs allege that Defendant breached a fiduciary duty owed to them by disclosing their financial information to Sun Trust Bank, it is clear from the Loan Agreement that Plaintiff expressly agreed to permit Defendant to make such disclosures to Sun Trust Bank "at any time" and to access the Total Automotive Management System ("TAMS") for the purpose of making such disclosures.[3]   (*See* Docket No. 5-1 at 3).

---

[3]       The Loan Agreement provides, in relevant part, that:
   1.   The Company [MGM] hereby authorizes the Bank, Genuine Parts Company and their respective officers, directors, employees, agents and third party service providers (i) to exchange and disclose to each other information

Therefore, the Court finds that Defendant could not have breached a fiduciary duty to Plaintiffs by disclosing the financial information to Sun Trust Bank.  For these reasons, Plaintiffs' breach of fiduciary duty claim must be dismissed.

Third, Defendant's motion to dismiss Count IV[4] of Plaintiffs' Complaint alleging breach of contract and the attendant duty of good faith and fair dealing by Defendant is also granted because Plaintiffs have again failed to sufficiently plead the necessarily elements of a breach of contract claim and have once again set forth additional facts concerning the essential terms of the alleged agreement in their Response brief.  "Under Pennsylvania law, an action for breach of contract has three elements: 1) the existence of a contract, including its essential terms; 2) a breach of a duty imposed by the contract; and 3) resulting damages." *Rendon v. Ragans*, Civ. A. No. 08-1665, 2009 WL 1514471, at *2 (W.D. Pa. May 29, 2009) (citations omitted).  Here, Plaintiffs have failed to set forth sufficient facts of the essential terms of a contractual agreement between them and Defendant.  *See Hart v. University of Scranton*, 838 F. Supp. 2d 324, 328 (M.D. Pa. Dec. 16, 2011) (holding that because the plaintiff failed to plead the terms of a contract or a specific breach of those terms, the complaint failed to state a claim).

In this regard, Plaintiffs allege at ¶¶ 131 and 132 that Defendant "had a contractual relationship with Shirley and MGM to provide accounting services to them" and "had duties to act solely in Shirley's and MGM's best interest."  (Docket No. 1-2 at ¶¶ 131, 132).  This is a one-sided agreement that does not set forth any obligations on Plaintiffs' behalf sufficient to form a binding contract under Pennsylvania law.  *See Schreiber v. Olan Mills*, 426 Pa. Super.

---

relating to the Company [MGM], including without limitation, all credit reports, financial data, inventory reports and other information relating to the Company [MGM]'s business at any time in the possession of the Bank or Genuine Parts Company and (ii) to access TAMS and to exchange and disclose to each other the information contained therein relating to the Company [MGM].

(Docket No. 5-1 at 3).

[4]    The breach of contract claim is inaccurately referred to as Count III in the Complaint.

537, 541, 627 A.2d 806, 808 (1993) (citations omitted) ("The elemental aspects necessary to give rise to an enforceable contract are 'offer', 'acceptance', 'consideration' or 'mutual meeting of the minds.'").  However, Plaintiffs attempt to fill the gaps in their Complaint by further expounding in their Response that the terms of the contract "were that Genuine Parts would prepare the financial statements and financial projections sufficient for Shirley/MGM to obtain the loan and for Shirley/MGM to purchase and utilize the TAMS Accounting system and purchase automotive parts from Genuine Parts."  (Docket No. 15 at 5).  Likewise, Plaintiffs interject more facts in their Sur-Reply Brief which are not pled in the Complaint in another attempt to save their claim. To this end, Plaintiffs initially pled that Defendant prepared the financial documents for Plaintiffs and then "recommended" and/or "requested" that Sun Trust Bank approve the loan. (Docket No. 1-2 at ¶¶ 67, 70).  Now, Plaintiffs contend that Defendant solely negotiated the loan with Sun Trust on their behalf and that the terms of the loan changed between those in the initial application and the loan which was ultimately approved.  (Docket No. 22 at 3-4).  As is discussed above, Plaintiffs may not amend their Complaint in this manner and the Court may not consider these additional facts in resolving the instant motion.  *See Dongelewicz*, 104 F. App'x at 819 n.4.  Therefore, Defendant's motion to dismiss Plaintiffs' breach of contract claim is granted due to Plaintiffs' failure to plead the existence of an enforceable contract.

Fourth, the Court holds that dismissal of Counts II, III and IV of Plaintiffs' Complaint is without prejudice to Plaintiffs filing an amended complaint stating sufficient facts to support such claims within the deadline set below because it is not clear to the Court that any amendment to said Counts would be futile.  *See Shane v. Fauver*, 213 F.3d 113, 115-16 (3d Cir. 2000). Failure to timely submit such an amendment will result in dismissal of said Counts, with prejudice.  *Id.*

Based on the foregoing,

IT IS HEREBY ORDERED that Defendant's Motion [5] is GRANTED;

IT IS FURTHER ORDERED that Plaintiffs shall file their Amended Complaint, if any, by **March 26, 2013 at 12:00 p.m.**; and,

FINALLY, IT IS ORDERED that the Motion Hearing previously scheduled for March 15, 2013 at 1:30 p.m. is CANCELLED.

> *s/Nora Barry Fischer*
> Nora Barry Fischer
> United States District Judge

Date:   March 12, 2013

cc/ecf:  All counsel of record